You may proceed. This, of course, for the record, is number 172497, United States v. James Bowman. Is that correct? That is correct. You may proceed. Thank you. I'm going to try to get through arguments one and two that are included in Mr. Bowman's brief. Argument one is fairly straightforward. It's simply a claim that the guideline range was calculated incorrectly. Mr. Bowman actually had five criminal history points, not seven. He should have been in Category 3 rather than Category 4. Thus, the guideline range would have been 63 to 78 months, not 77 to 96 months. The government does not dispute that an error was made, but it does argue that the error does not rise to the level of plain error. And it focuses on, there are four factors under Olano. It focuses on the third factor, saying that Mr. Bowman has not demonstrated that the error affected substantial rights, meaning he has to show prejudice, which requires a reasonable probability that he would have received a lower sentence but for the error. I believe that there are two factors that show why he has satisfied the third element of Olano. First of all would be the rule of Molina-Martinez. When a defendant is sentenced under an incorrect guideline range, the error itself can, and in most cases, will be sufficient to show a reasonable probability of a different outcome absent the error. But I think you can also go back and look at how the district court imposed sentence in this case, and it will show you that the court's imposition of sentence was in fact anchored by the guideline range. So originally, Mr. Bowman was sentenced back in 2005 as an armed career criminal. At that time, the guideline range would have been 188 to 235. He received a sentence of 319 months. When he came back, was resentenced without the ACCA status, guideline range is calculated 77 to 96, and he gets 264 months. It comes down roughly four and a half years. Now we contend he needs to be resentenced a second time with the proper guideline range of 63 to 78 months. There's nothing in the record that indicates that the district court would not give a sentence below the 264 that it has already imposed. On the first resentencing, we show that the court was in fact influenced by the guideline range. Now, on that initial resentencing, let's say that the court had simply reimposed the 319-month term. Then I wouldn't have an argument. By imposing the 319 months again, the court would have been saying, regardless of guideline range, this is what I think the appropriate sentence is, and so this is what I am imposing. One other point, although the defendant did not object to the criminal history calculation, he did object to an enhancement for obstruction of justice, and the court's response on that argument was simply to overrule the objection. The court didn't go on to make a comment or remark that, you know, Mr. Bowman, even if I had sustained your objection to the obstruction, I would have imposed the same sentence. So there are no clues. There's no remarks like that by the district court saying, look, no matter what, you're getting 264. I'm just not influenced by the guideline range. As to Mr. Bowman's second argument, this claim is an Elaine violation. Convicted of a 924C count, the punishment was enhanced purportedly because the firearm was brandished during the course of the attempted robbery. The problem with having the mandatory minimum at seven years is that the jury was not required to find that Mr. Bowman brandished a firearm or that he aided and abetted a co-defendant in brandishing a firearm. So the mandatory minimum on count three should be five, not seven years. If you look at the jury instructions, and I pointed these out in my brief, the relevant instructions are 12, 20, 25, 28, and 29. In each of those instructions, the jury is directed that it can convict on the 924C if either he used a weapon or possessed a weapon or carried. It's some variation always of use of a weapon. The jury instructions never say anything about brandishing a weapon. Now when we get to the special verdict forms, those forms read, the jury was required to find that in the course of count two, a firearm was brandished or possessed. So the verdict form was phrased in the disjunctive. We don't know if the jury actually concluded that it was brandished or concluded simply that it was possessed. So my argument is you can't increase the mandatory minimum to seven without a specific verdict form and instructions that tell us definitively that the jury found that a firearm was brandished. This is the real question in this case, though. You're familiar with your client's background. Yes, sir. Reading this case, I said this is groundhog day for me. You've read Smith v. Yes. You've read this fellow's record. Yes. Is there any realistic chance that any of these errors made any difference in the district court sentence? No. I shouldn't say no, but... I would agree with you that... Now, of course, he is, according to the sentencing transcript, his life has been changed completely, and I hope that's true. But given this man's record, any of this make any difference? I would agree with you that even under the correct guideline range, he's still going to get an upward variance, and it's going to be a significant upward variance. It may very well be pretty close to the 264 that he has now. But based on these two errors, it would have come down. I think the rough estimate is about 15 months. Who made these errors, the probation office or defense counsel? Well, on the first error regarding the criminal history points, everybody made the mistake. Nobody noticed it. And the problem was that this client was sentenced back in 2005, and they're litigating a Johnson issue saying that his prior convictions don't qualify under ACCA. Everybody comes back, whatever that is, 12 years later, 10 years later, and forget about the criminal history points. They don't realize that the guidelines have changed since that time, and there's no longer a two-point enhancement for being convicted within two years of being released from prison on a prior conviction. So I would call it an inadvertent error that nobody caught just because so much time had passed and they were so focused on the Johnson argument. So now that's plain error review? Well, that brings us to the government's next argument, yeah. It raises the question, was it plain? Is the error plain if everybody – can you really say it's plain if it was something that – Well, the error is plain because all parties, the court, the probation officer, obviously have the guidelines manual available to them. And so they can go back, and I think it was guideline 4A1.1E, and look at the new guideline, and they'll realize that that provision is no longer there. Is this one of those cases where when you look at the sentencing transcript, the sentencing judge makes a statement like, regardless of what the guidelines calculation yields, I would sentence in the same way? No, he did not. And that's what I was referring to when I said that other objections were made, the obstruction. And there are no comments. There's no hints that no matter what, he gets the same sentence regardless of the guideline range. On issue 2, is that – do we consider that under plain error review? No, on issue 2, I think that's properly preserved because what the district court did in this case is it ordered a de novo resentencing. The court said, this is at page 4 of the resentencing transcript, I am of the opinion that given the posture of this case that I have the discretion to decide whether to resentence on all counts or only on count 4. And I believe that it is most appropriate to fashion an appropriate sentence to look at all counts and to consider resentencing on all counts. And so the court allowed defense counsel to make its objection to the obstruction enhancement and, you know, fully considered the objections. It ordered a new or an updated PSR. So this was de novo resentencing. This wasn't just, you know, remand on count 4. Actually, when the judge called the hearing to session, he said, this is a de novo resentencing. So, I mean, that's not a debatable proposition. And I guess I would point out that the government asked for de novo sentencing and its sentencing memorandum. This is what they wanted. They wanted another shot at resentencing on all of the four counts. So when you come back to resentencing, I believe he gets the benefit of a lane. And I don't think that a lane needs to be retroactive to cases on collateral relief. He is now being resentenced in a new sentencing proceeding. And so he gets the benefit of any constitutional rules that exist at that time. And by that time, a lane had been decided and said you cannot increase a mandatory minimum sentence unless the fact that's going to increase the sentence has been found by a jury. And the problem with these special verdicts forms and the instructions is we just don't know if the jury ever made a finding that he actually brandished the weapon. And at that time, at the time of trial, it wasn't even a relevant or pertinent issue because of the guidelines as they then existed. Well, and just this issue was not on anybody's radar in 2005. A lane, I think, was decided in 2013. 2013, right. And the real question I've got, if a lane is not retroactively applied, and I think that that's true for cases on collateral review, does he get resurrected once we get to that de novo sentencing? And that's really the argument that was kind of kicking around in my brain when I was reading it is whether if it can't be raised on collateral review, once a prevailing collateral review, does the judge resurrect the claim by saying de novo and does that end the discussion? I think that is a key question. And I cited, I believe it's in my reply brief rather than my opening brief, the Henderson case. Now, that's only a district court opinion. It's not an Eighth Circuit opinion. But it goes through that analysis. And so I think that would be helpful to the court to review that. And in that instance, the defendant had filed a 2255 motion claiming Booker error. He had been sentenced under mandatory guidelines. He wanted them to be advisory. And the court said, I can't grant you that as it is raised in your 2255 motion because it's not retroactive. And I agree with you. I think courts have predominantly found that a lane is not retroactive. So I agree on that issue. But then the court in Henderson said, you know, ironically, even though I can't grant you Booker relief on the merits of your 2255, I am going to order a de novo resentencing. And I cannot unconstitutionally sentence you. Now that the guidelines are advisory, I have to follow that case decision. And so the Henderson court, you know, acknowledges it is kind of a way of getting the Booker claim in through the back door, it said. But I think it does make sense that we're not going to apply an unconstitutional standard on a resentencing simply because a lane didn't exist at the time he was originally sentenced. Thank you. Very well. Hear from counsel for the government. Mr. Becker. Good morning. I'm Paul Becker, an assistant U.S. attorney for the Western District of Missouri. Good morning. And you may proceed. Thank you, Judge. Let's go back to the discussion that you the court had with counsel about what actually happened at this hearing in preparing for argument. I realized that it really wasn't adequately covered in the government's brief. Judge Erickson talked about the court indicating it's a de novo review. I was just looking at the transcript again. It looks like it was the defense attorney saying that. Oh, is that who it was? Yes. And the court was moving on. And in the context of the discussion of whether this is the sentencing package is open, is he going to resentence on all counts? Or is he going to only resentence on the vacated armed criminal count, count four? The original sentence of 319 months had a sentence of 60 months on count one, conspiracy to commit bank robbery. Count two, attempted bank robbery. And those to run concurrent. And then on the armed criminal act, 235, that to run concurrent with the brandishing of a firearm, 84 consecutive. On the resentencing, the court imposed the identical sentences on counts one, two and three. The court imposed the 60 months concurrent on counts one and two. The 84 months consecutive on count three. And then only resentenced on count four. Although the government had in my memorandum, which is document 304, I pointed out you could get back to 319, 319 months if the court chose, by running all of them consecutive and the firearms or the ammunition charge being 315 consecutive. Alternatively, the government recommended that the sentence remain the same, 60 months, 60 months, 84 months. And then the final count of felon in possession of ammunition of 120 months to run consecutively. That's what the court eventually did. So the focus on both the first argument and the second argument really is determined by what actually happened at the resentencing hearing. We only resentenced on count four to make that within the statutory maximum of 120 months. I think Judge Wolman is correct. In terms of the district court, Judge Fenner never really had a chance to say, this is what I would have done anyway. Because there was not an objection to that sentencing guideline range. The pre-sentence report details the background of this defendant. Needless to say, it's a somewhat notorious case in Kansas City legal circles because of the prior conviction of the defendant that was later vacated. Because two groups of people were prosecuted for the same crime. But nonetheless, the information was contained in the pre-sentence report and the judge properly took that into consideration. The fact then that he sentenced him not anywhere near whatever the guideline range was determined, but to the statutory maximum, certainly speaks to the intent of the court in imposing a sentence on this defendant. On the second point, that is the claim of error, the jury instruction, certainly the jury instruction was not adequate or was adequate at that time, but it no longer would be so. The defendant did not object to that at the sentencing hearing. In the objections to the pre-sentence addendum, which is document 301 on the record, the defendant argues that Mr. Bowman only moved to vacate his sentence in count four and the court order notes only that his motion was granted. Presumably the seven-year sentence that was imposed on count three has not been vacated. The fact that the sentence represents a mandatory minimum, which should not have been applied, can be considered by the court when determining the appropriate sentence under count four. The same discussion occurred at the sentencing hearing that we were not unwinding the 84 months consecutive, but that was a factor that the court should consider in imposing sentence on the felon in possession of ammunition count four. As the court noted, this court has held repeatedly and most recently in Walker v. United States, 810 Fed 3rd, 568 8th Circuit, 2016, that Eladniye is not retroactive. I don't believe the fact that the defendant is successful on a Johnson claim, is resentenced on the count of conviction only for that Johnson claim, the felon in possession of ammunition, somehow opens the door to challenge the conviction for the use of brandishing a firearm during a crime of violence. On the final point of the substantive reasonableness, I believe the court considered all the factors under 3553, the history and characteristics of this defendant. Judge Fenner was the only one in the courtroom who actually tried the case and had been in the case. Another assistant United States attorney tried the case. He's long gone. And obviously the defense attorney as well. So therefore, Judge Fenner was the one who had seen the witnesses, the ones who had had guns put to their head during this attempted robbery, saw the history and characteristics of the defendant based upon his prior criminal record, and appropriately imposed the maximum sentence under count four, 120 months consecutive, the total sentences being 55 months less than the original sentence. I said to your opposing counsel, this case is like Groundhog Day for me. On November 26, 1983, James Bowman and the others are juveniles. Went into this house, Bowman carried out a television sentencing on June 21, 2017. He was 51 years old. I don't know what I draw from that, but let's hope for everybody's sake, including his, that he has changed his life. But that doesn't answer the legal question. No, Judge, but it certainly is an amazing turn of events. Yes, it means I've been around here too long. He and I have both aged. Me as well. Anyway, we thank you for the honor. You as well, Judge. Thank you. Excuse me. Opposing counsel is absolutely right that it was defense counsel at the time of sentencing that referred to the sentencing as being de novo. So if I created any confusion on that, I apologize. Oh, I created the confusion. Okay. My memory isn't what I think it is. I do feel, though, that when the district court said, I believe it's most appropriate to fashion an appropriate sentence to look at all counts and to resentence on all counts, it's the same thing as saying I'm granting de novo sentencing here. I disagree a little bit with opposing counsel when he says that really the resentencing was only as to count for. It's true that the numbers stay the same. We've still got 60 and 60 on counts one and two, 84 on count three, and then under the new sentence, 120 on the felon in possession count. But in the original sentence, the 60 months ran concurrent to each other as well as concurrent to counts three and four. On the resentencing, the 60 months on one and two ran concurrent to each other but consecutive to three and four. So they're actually, you can't really say that sentencing was exactly the same when you're changing one and two to consecutive rather than concurrent time. And so that's where I just disagree with opposing counsel. To me, it does open up the entire sentence for reconsideration. And the sentence on count three is just not constitutional. Just to make plain, you made reference to Henderson. I think you were referring to Hernandez, the opinion by Judge Bennett. I think that's right. Iowa? Yeah, it's the Northern District of Iowa. Sorry if I got that wrong. But yes, it goes into that issue, and I think that would be helpful for the court. Thank you. Thank you very much. All right, well, the case is submitted.